70-73 Buckley v. Shinseki Mr. Carpenter May it please the court, Kenneth Carpenter appearing on behalf of Mr. Patrick Buckley Mr. Buckley appeals the decision of the Veterans Court in which this court has previously interpreted the provisions of 38 CFR 3.156B to specifically require a determination by the VA concerning whether or not a submission which has been filed during a period in which a matter is on appeal constitutes new and material evidence relating to the pending claim. In this case, no such explicit determination was made. Instead, the Veterans Court mistakenly relied upon a reference which was made to the existence of that evidence which appeared in a March 2007 statement of the case that the evidence at issue, a June 2006 VA medical record had in fact been considered. Such notation, however, of the existence of such a record does not constitute the required determination interpreted by this court to be mandated by 3.156B. Well, is this a problem they didn't use the magic words new and material evidence? I mean they did consider the evidence, right? With respect, I do not believe they did. They considered the evidence when the issue before the VA at that time was merely the question of the scheduler rating. In this case, the new and material evidence addressed the entitlement to an extra scheduler rating based upon the which identified as the single issue the scheduler rating in excess of 50%. It did not address the question of extra scheduler rating. And when the VA finally made a determination, it wasn't until 2009 and they decided that the effective date would be the date of that submission. Under 3.156B, a Veteran is entitled to a specific determination that the VA's receipt of that can, in fact, be determined to have been new and material and that it relates back to the original claim. In this case, we have a claim that has two issues. One issue was initially adjudicated, the scheduler rating, and the extra scheduler rating was not adjudicated until several years down the administrative appellate appeal path. When it was finally adjudicated, all that was adjudicated was to decide that the date of the receipt of that evidence would be the effective date for the award. 3.156B, under this court's interpretation in bond, requires more. It requires a determination as to whether or not that evidence which was received was or was not new and material evidence and did or did not relate back to the date of the original claim. Contrary to the conclusion made by the Board in its decision that the April 2006 rating decision was not required to make that determination, those determinations are dependent and required by the provisions of 3.156B as interpreted by this court in bond. The distinction relied upon by the Veterans Court concerning... Look, in the most recent Board decision, which is at 119 in the appendix, it says it considers this new evidence about TDIU, and it says the evidence of record did not show the Veteran was unable to secure or follow a substantially gainful occupation as a result of a service-connected disability prior to June 13, 2006. So that looks as... They're certainly considering the June 13th letter, and they're adjudicating what the consequences of that are. In other words, that his claim goes back to June 13, 2006. I don't understand. What's the matter with what they did? They didn't use the right words? They didn't follow the procedure that's mandated by the regulation. How so? Further, because the regulation requires to focus on whether or not the evidence that was received constituted new and material evidence. At the time in which it was received, the only issue was scheduler. The question then becomes whether or not the evidence that was received with the submission of his notice of disagreement that specifically addressed unemployability and raised the additional issue of unemployability was new and material evidence, which related back to his unemployability from the date of his original claim. I'm sorry, Mr. Kroemer. I don't understand what you're saying. I mean, here, they are considering this as an extra scheduler matter. They are saying that as of June 13th, he qualified for TDIU, but there wasn't any evidence during the earlier period. I don't understand what you want them to do. The regulation does not require evidence back to. The regulation requires a determination as to whether or not the evidence that showed he was unemployable in June of 2006 raised the reasonable possibility that that unemployability status related back to the date of the filing of his original claim. What they are asking the veteran to do is to produce additional evidence in that period prior as opposed to focusing on whether or not the new and material evidence does not fill that evidentiary gap. Can I ask you a question? Suppose it was absolutely clear, and maybe you dispute this, but just suppose for a minute that it was absolutely clear that the board did consider this evidence in terms of asking, and asked about the evidence, what dates of complete disability, unemployability, does that evidence establish? And it asked that question and it said, we know that if it established disability back to the time of the 2005 claim, then we would award the award. We find that that evidence establishes that. We find that the evidence establishes only the complete unemployability as of this later date, and so that's the date the award will take effect. And it said all of that, but it also said, we don't think that this is new evidence. Is there something wrong with that? We don't think it's new. It's obviously material, but we don't think it's new. Is there some correctable flaw in having done everything it should do under the regulation as to new and material evidence, but simply failing to recognize or declare that it actually is new, mistakenly thinking it was old? Had they done that, that would have allowed the veteran to attack that finding, that finding that, in your hypothetical, that the evidence was not new. Clearly, the evidence was... What consequence would flow from an answer to the question, it was new, it was not new, assuming it was fully considered for the relevant purpose? In this court's decision in Jennings v. Mansfield, it said that any interim submission before the finality has to be considered as part of the original claim. By taking it in the manner in which you have described it, you're using the downstream determination of effective date to look backwards, as opposed to looking, as I believe 3.156B requires, for you to look forward and to consider it. In this case, unemployability was not raised until the notice of disagreement, and it was specifically raised by the evidence. Subsequently, a formal request under a VA form for that determination was submitted as part of the record, and then in 2009, it was granted. But it was granted back to the date of receipt. Date of receipt suggests that the VA was treating this as a new claim, because it was based upon... You have an argument, and if so, how good the argument is, that the simple failure to recognize that the evidence was new, or to state that the evidence was new, is itself a basis for error, even if the board did everything with that evidence that it would have done had it recognized it to be new? And the answer to that is in the affirmative. That is correct, that it would be an error under this court's interpretation in Bond, and this court's interpretation in Jennings, of how 3.156B operates. It imposes a mandatory requirement on the VA to treat that evidence in a specific way, and it was not treated in that specific way by the board in this case. The way that the Veterans Court tried to make a distinction here between whether this was or wasn't treated as a new claim is equally immaterial. 3.156B mandates a specific operation, and that operation or set of determinations was not made. It was simply treating it as a downstream issue to determine the effective date to be assigned, as opposed to considering it as part of the original appeal. I don't think it's fair to say they treated it as a new claim. I'm not sure that it is. I said that by inference you could make that suggestion. I don't believe they treated it as a new claim. I didn't mean to suggest that. In fact, I believe that they simply disregarded the provisions of 3.156B when they made their determination, and that they treated this as an effective date matter, as opposed to a matter as part of the original consideration of the original claim, which is what's mandated by 3.156B. In terms of identifying an error of legal interpretation, I guess I had read the Veterans Court opinion as however correct the characterization of what the board did as saying, we don't think 3.156B was violated because, in our view, the record of proceeding reflects that the evidence was considered as having been filed in connection with the August 2005 claim. Putting aside our contesting whether that's a correct characterization of what the board did, where's the error of legal interpretation about the meaning of the rule by the Veterans Court? I believe that it is in the conclusion that the determination required by 3.156B, in terms of the determination as to whether or not the evidence is new and material, can be evaded. That is mandated by this court's interpretation under Bond, and I believe is clearly mandated by the provisions of 3.156C, and that would be the error. There is a secondary error when the court suggests that there is an inapplicability of 3.156B because the VA, in this case, did not treat this as a new claim, and that is simply incorrect as a matter of law, relying upon a misinterpretation of 3.156B, that a new claim is required in order to trigger those provisions, a new claim treatment. Further, I'll reserve the balance of my time. Okay. Thank you, Mr. Carpenter. Ms. Baumann, is that how you pronounce it? Yes, sir. May it please the court. Mr. Budley's interpretation of 38 CFR 3.156B is not new and not appropriate for this case. The Veterans Court correctly found that the board had actually considered the June 2006 treatment update in terms of, in connection with, the original claim, which was in August 2005, and I direct your attention, Your Honors, to Joint Appendix pages 118 to 120, where that discussion occurs. Okay. Now, that seems to be correct, but let me see if I can put a more favorable light on Mr. Carpenter's argument and see what your response is to it. Is it not the case where the board, or the RIO, or whatever, identifies new and material evidence that the proceeding is reopened so that additional submissions can be made? Isn't there a procedural consequence to identifying something as new and material evidence that requires a reopening of the proceeding? Perhaps, Your Honor, but not in this instance, because all the evidence that was the new and material evidence was the June 16, 2006, June 13, 2006, treatment update. That was already in the record. That's what's considered the new and material evidence. It was in the record, but maybe my recollection of this is wrong, but I thought that where there was a reopening for new and material evidence in a proceeding, that the consequence of that was not simply that the board would consider the evidence which was characterized as new and material, but that there were procedural consequences to the reopening which required the submission or the potential for submission of additional evidence beyond what was characterized as new and material. Am I wrong about that? Well, that may be true, Your Honor, but in this instance, reading 3.156B, it says new and material evidence received prior to the expiration of the appeal period or during the appellate determination will be considered as having been filed in connection with the claim. The new and material evidence identified in this case was the June 2006 treatment update. Well, what happens? Let's forget about this proceeding. What happens in general? Sometimes a veteran will come in with new and material evidence and he'll say, you ought to reopen my claim, and of course the claim can only date back to the date of the reopening if it's reopened on new and material evidence as opposed to acute, but he comes in with new and material evidence. What happens as a procedural matter under those circumstances? That evidence would have to be considered by the veteran's administration itself. Yeah, but does that trigger some additional consequence where the veteran's administration asks for additional evidence or conducts a medical exam? Well, that depends, Your Honor. That depends on the circumstances. Yes, that could happen. In this case, that would not have happened, however, Your Honor, because the evidence was submitted in June 2006. I know Your Honor said forget this case, but I'm focused on this case because in this instance, we believe that the Veterans Court properly interpreted 3.156B as applied to the facts in this case, and they did determine, in fact, the Board's decision goes back to the right case. What you're saying is they satisfy their obligation under that provision by considering the evidence in connection with the evidence that had been previously received. Yes, Your Honor. And that the Board did that and that the Veterans Court found that they did it, and I'm accepting all that. That seems to be correct, but I think the question I'm trying to ask is whether there are any procedural consequences to a reopening for new and material evidence that didn't occur here because all the Board did was consider the new and material evidence and not look beyond that. Do you understand what I'm saying? Well, they did look at all the evidence in the record, Your Honor. That's on Joint Appendix page 118. They considered all of the evidence in the record. What they did do in terms of the Rice case, and they said specifically with respect to what the Rice case requires, when the evidence of unemployability is submitted at the same time the Veteran is appealing the initial rating, I'm quoting, the claim for TDIU will be considered part and parcel of the claim for benefits. That's what we have here. It's a claim for TDIU, and the question is was it considered properly in connection with the original claim, and the answer is yes. The Board cited Rice and then said the Veteran submitted evidence of unemployability contemporaneously with his appeal of the initial 50% rating. That's the June 13, 2006 treatment update. The Board finds that a TDIU claim was reasonably raised by the evidence of record, and that June 2006 evidence is part and parcel of his August 2005 claim of the TDIU claim. Once the Veterans Court did say that this was considered part and parcel of the original claim, it did prospectively look forward to say then, as such, the earliest effective date for entitlement is going to be the date of the original claim. Are there VA regulations that talk about reopening for new and material evidence? Yes, there are, Your Honor. And what do they say happens after there is a reopening for new and material evidence? It's considered by the VA. It goes back to the VA to be reconsidered. And what does it say about the scope of the reconsideration or what procedures are going to be followed? Well, there could be additional... Once there's been a reopening. Excuse me, sir. Once there's been a reopening, what does it say? I don't recall specifically the regulations with regard to that, Your Honor, with regard to how new and material evidence is treated generally. In this instance, I was focused on 3.156B because the evidence in this instance is the June treatment update, which was properly considered and then prospectively considered. The board considered this evidence in terms of the original claim, which was August 2005. Yes, there are no magic words to say that it was new and material evidence, but it was considered. And then the board asked, okay, so now we have the August 2005 original date and we've got this... The first evidence we find in the record is June 2006. So that's the first evidence of record wherein the veteran's ability to retain or maintain employment was ascertained. The board in this case did comport with 3.156B. As the Veterans Court pointed out, the board did not... Under the general new and material evidence regulations, is it sufficient when there's new and material evidence and the proceeding is reopened for the VA to consider the new and material evidence together with everything else in the record and not do anything more? Is that sufficient? I'm not sure, Your Honor. I believe they may, depending upon the circumstances, they may have to do something else in addition to that. In this instance, we... What is it that they... What's your recollection is that they have to do... Allow him to submit additional evidence. They would allow him to submit additional evidence in the record additionally over and above that new and material evidence that reopened the case. Was he given that opportunity here? Well, this wasn't a reopened case, Your Honor. The original claim was still pending. So it's not... It wasn't reopening the case at all. It was the original August 24, 2005 claim that was continued onward over time. So it's not reopening the claim. It's different, Your Honor. And what the board did is properly consider the information with respect to the applicability of 3.156. In essence, it was harmless error because the veteran received the benefit of having that June 13th treatment update considered in connection with the pending claim. If there are no more questions, Your Honors, for the reasons set forth in our brief and stated here today, we respectfully request that the Court affirm the decision in the Veterans Court below. Thank you. Thank you. Mr. Carpenter? If I could direct the Court's attention to Joint Appendix 11, excuse me, 112, which is the December 2010 board decision. The issue identified in the board's decision as issue number four, the other three issues having been remanded, was the effective date prior to October 23, 2008 for the grant of individual unemployability. On JA 114, under conclusion of law, it indicates that an effective date, excuse me, the criteria for an effective date of June 13, 2006 and no earlier for the grant of TDIU have been met. And the regulations that they cite are 3.157, excuse me, 3.400 and 416. They do not cite 416B because they were treating this as a downstream issue of effective date and looking at this only in the year prior under the provisions of 3.400. 3.156B requires a different procedure and has, in Judge Dyke's words, procedural consequence. The procedural consequences are that they must make the examination of whether or not the evidence is or is not new and material and whether or not as new and material evidence it relates back to the original claim, which it clearly does because it raises... And then what would happen? And then it would be necessary for them to determine that since it is new and material evidence, for the initial assignment of the rating, should the rating be different on an extra schedule or basis based upon this evidence. In that window from... So what you're saying is that the board didn't consider it in the right context, but that if it had considered it in the right context, that would have been satisfactory. I'm not sure if I know what you mean by that would have been satisfactory, but I suppose that would have been compliant. Yeah, that's what I mean. But the fact is, is the way that they identified the issue, they were looking back rather than looking forward. 3.156B requires them to look forward in terms of the treatment of the evidence as part of the original claim. They are now treating this as the issue of the effective date for the VA's award of an extra schedule or total rating. I believe that's inconsistent with the requirements of the regulation. There's nothing further on this. Thank you very much. Thank you, Mr. Carpenter. Thank you, Judge That concludes our session for today.